## HARRIGAN v. DONEGAN et al.

(*City Court of New York, General Term.* June 20, 1888.)

_PRINCIPAL AND AGENT—NEGLIGENCE OF SERVANT—PROOF OF RELATION.

In an action for injuries sustained while working on a pier, which were claimed to have been caused by the negligence of defendants' servants who were working there, it appeared that there were other persons on the work at the time of the accident. *Held*, that plaintiff must show affirmatively that it was defendants' servants who caused the injury.

Appeal from trial term; PITSHKE, Justice.

Action brought by William Harrigan against Bartholomew Donegan and -James Reilly.   Appeal from a judgment entered upon the verdict of a jury ·on April 14, 1888, and from an order entered April 17, 1888, denying defend- .ants' motion upon the minutes to set aside the verdict and for a new trial. Tried before PITSHKE, J., and a jury.   Action brought to recover damages .alleged to have been sustained by plaintiff on November 22, 1886, while at work on the pier of Red Star Steam-Ship Company, in Jersey City, N. J.   The ·complaint alleges that the plaintiff, while at work, "was struck on the head by some heavy missile, negligently and carelessly dropped or thrown by said ·defendant, their agents, servants, or employes."   Answer.   General denial. Upon the trial it was admitted upon the record "that there was no question .in the case as to the personal negligence of the defendants."

Argued before BROWNE, EHRLICH, and McGOWN, JJ.

*Ellison & Gill,* for appellants.   *Frederick E. Anderson,* for respondent.

McGOWN, J.   In order to entitle the plaintiff to recover herein, it was in- ·cumbent upon him to show—*First,* that the plaintiff had sustained the in- _juries complained of through the negligent or wrongful acts of defendants' ·employes while acting within the scope of their employment; *second,* that the persons who caused the injuries were at the time in defendants' employ.   The ·defendants' counsel requested the trial justice to charge "that, if there were ·other persons than the servants of the defendants, upon the work at the time, and it is not shown affirmatively that it was the defendants' servants who caused the injury, and it may have been the act of other persons there at the time, that they will find for the defendants."   This the justice declined to charge, and to which the defendants' counsel excepted.   I think the exception was ·well taken, and that the charge should have been made as requested.   There was some evidence before the jury that there were other persons present on the ·pier besides the two workmen who are charged with having caused the in- _jury complained of, and, if such was a fact, it was right and proper that the ·question should have been submitted to the jury, for them to find, by their ·verdict, whether the injuries were caused by the two workmen of the defend- :ants, or whether they were caused by any other persons then present, not in ·defendants' employ.   As I think the exception above referred to well taken, I do not deem it necessary to consider the other questions raised by appellant's ·attorney upon the appeal.   A new trial ordered, costs to abide the event.

BROWNE and EHRLICH, JJ., concurred.